UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICOLE C., | ) |
| | ) CASE NO. C20-0211-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER RE: SOCIAL SECURITY |
| COMMISSIONER OF SOCIAL SECURITY, | ) DISABILITY APPEAL |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1970.[1] She has a GED and previously worked as a waitress. (AR 924.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -1

Plaintiff applied for DIB and SSI in May 2017. (AR 886-95.) Those applications were denied and Plaintiff timely requested a hearing. (AR 800-15, 819-34.)

On December 4, 2018, ALJ C. Howard Prinsloo held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 669-94.) On January 22, 2019, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-25.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on December 16, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 18.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's degenerative disc disease with facet disease and a pain disorder. (AR 18-20.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 20.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must

assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of performing light work, with additional limitations: she cannot climb ladders, ropes or scaffolds.  She cannot have excessive exposure to vibration or extreme cold.  She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  She can frequently finger.  (AR 20-22.)  With that assessment, the ALJ found Plaintiff able to perform past relevant work as a waitress.  (AR 23.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  The ALJ entered alternative step-five findings, indicating that Plaintiff was also capable of transitioning to other representative occupations, such as cashier II; bakery worker, conveyor line; and fast foods worker.  (AR 24.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The parties agree that the ALJ's decision contains errors, but Plaintiff argues that the

errors should be remedied by a remand for a finding of disability, and the Commissioner contends that a remand for further proceedings is appropriate.

## Remand

The parties agree that the ALJ erred in failing to discuss certain medical opinions, and the Commissioner does not dispute that the ALJ should also reconsider Plaintiff's subjective testimony and RFC assessment on remand. *See* Dkt. 24 at 5. Plaintiff also alleged error in the ALJ's assessment of other medical opinions, and the Commissioner did not explicitly address the ALJ's findings as to those opinions in his brief requesting remand. *See* Dkt. 25 at 2. Plaintiff argues that because all of the opinions that the ALJ either ignored or discounted would support a finding of disability, the Court should remand this case for a finding of disability. Dkt. 25 at 4-5.

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). *Accord Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.")

Before remanding a case for an award of benefits, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude

"'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id*.  In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Brown-Hunter*, 806 F.3d at 495 (quoting *Treichler*, 775 F.3d at 1105).  Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison*, 759 F.3d at 1021).

Finally, even with satisfaction of the three requirements, the Court retains "'flexibility'" in determining the proper remedy. *Brown-Hunter*, 806 F.3d at 495 (quoting *Garrison*, 759 F.3d at 1021).  The Court may remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id*.

In this case, because the ALJ's errors include a failure to address all of the evidence, the Court finds that the ALJ (as opposed to the Court) should have the opportunity to consider that evidence in the first instance.  Under these circumstances, further proceedings would not be useless.  *See, e.g.*, *Klaas v. Comm'r of Social Sec. Admin.*, 2017 WL 1018397 at *2 (D. Ariz. Mar. 16, 2017) ("[T]he Court cannot take Plaintiff's proposed findings in place of missing findings by an ALJ . . . and must remand so that important gaps in the ALJ's findings can be filled in and the reasoning for those findings clarified."); *Elliott v. Colvin*, 2016 WL 1183646 at *7 (E.D. Cal. Mar. 28, 2016) ("It is up to the ALJ in the first instance to consider this opinion and if rejecting it – in whole or in part – to explain why it is being rejected, especially where, as here, if the opinion were credited as true, the plaintiff would be found to

be disabled."). Accordingly, the Court finds that a remand for further administrative proceedings is the appropriate remedy in this case.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ should consider or reconsider all of the medical opinions, and reconsider Plaintiff's subjective testimony and RFC.

DATED this 19th day of January, 2021.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge